JOHN S. ODOM *et al.* *v.* RICHARD L. OWEN, Administrator of JAMES S. ODOM, Deceased, and PETER C. TALLY *et al.;* and PETER C. TALLY *v.* FISHER & JETTON.

1. CHANCERY COURT. *Pleading and Practice. Cross-bill. New parties in. Not allowed. When.* A guardian gave bond and security as such, and afterwards, having received other funds, gave additional bond and security. A bill was filed by the heirs for an account of the money against the guardian and sureties on the first bond, to which answer was made somewhat in the nature of a cross-bill, by the sureties on the first bond seeking to bring the sureties on the second bond before the Court, insisting that they are first liable, as the deficiency grew out of the funds secured by their bond.

*Held*, that the original bill is not filed against the sureties on the second bond. They have never been made parties in any way; there was no issue in the pleadings as between the complainants in that bill and the appellants; no decree sought against them in any way; and therefore they were not liable to any decree on the original bill, nor could the complainants in this way be rightfully compelled by the defendant in the original bill to take such a decree, or be delayed in the prosecution of their rights by the interposition of these third parties into the litigation at the suit of said defendants.

2. SAME. *Same. Pleading and Practice.* "Such a cross-bill need not necessarily be a bill for discovery, specifically, under the section of the Code, but may well be based on any proper matters of equity growing out of the original bill, or connected with it, on which the respondent might be entitled to affirmative relief on a cross-bill, if filed separately. But we think, under the liberal rules of practice known to our State, and carrying out their spirit, the defendants having failed to demur, or otherwise object to the matter alleged for cross-relief, and having answered and gone to a hearing on the same, we can well treat this as an original bill, in the nature somewhat of a cross-bill, perhaps, and settle the rights of the par-

ties as presented by the issues formed between them on these pleadings."

3. GUARDIAN'S BONDS. *Sureties on.* *Liable to pro rata contribution.* Where a guardian has given bond as such, and is afterwards required to give an additional bond, (having received other funds).

*Held*, the sureties upon the first and second bond are liable to *pro rata* contribution.

Cases cited: Code, Section 4323; Dering *v.* East, of Winchelsea; Craythorne *v.* Swinburne, 14 Ves., in Fell on Quantity, 307.

---

FROM CANNON.

---

Appeal from the Chancery Court. B. M. TILLMAN, Chancellor.

RIDLEY & AVENT for Odom *et al.*

READY & WOOD and BURTON for Owen *et al.*

FREEMAN, J., delivered the opinion of the Court.

The original bill in this case was filed by the minor heirs of A. G. Odom, deceased, by their next friend, against the defendants, Richard L. Owen, administrator of James S. Odom, and against him and defendant Tally, as sureties of James Odom, on a bond as guardian of complainants, given in February, 1860, and against P. C. Tally, as guardian, who, in February, 1861, perhaps, was appointed their guardian, after the death of said James S. Odom. The object of the bill was to have an account of the moneys belonging to said minors from the said guardian and sureties.

P. C. Tally, in his answer, sets up the following

state of facts, by way of defence to his liability as surety on the bond of James S. Odom:

That A. G. Odóm left a will, in which, among other things, he provided that a certain negro woman, named Louisa, should remain with his father, who was appointed his executor, and wait on his children, but if she would not do so peaceably, but became refractory, so that she could not be controlled without punishment, then she was to be sold, and the money retained in the hands of his executor, or loaned out, and interest applied to the support of his children. That the contingency having happened as assumed, on which she was to be sold, a petition had been filed in Chancery, the negro sold, was bought by said Odom, the executor, who had also been appointed guardian, as we have seen, for the sum of over $1,100. That before the Court would permit this money to be paid over to the guardian, it had required he should give an additional bond for the safety of the fund, and that A. H. Fisher and T. J. Jetton were the sureties of Odom on this bond.

Tally insists in his bill that the sureties on this bond, if any body, are liable to complainants for the price of the woman Louisa, on the ground that they interposed themselves between the former sureties, and the money was paid on the faith of this bond, and the sureties of the same. He makes this answer, what he calls a cross-bill, and makes the sureties alone parties to it. They come in and answer the same, without objection, and the case was thus heard,

the Chancellor decreeing that these two last named sureties were primarily liable to complainants in the original bill, for the price of the negro woman, and Tally only secondarily liable for the same. From this decree defendants to the cross-bill, Fisher & Jetton, appealed to this Court.

Before we proceed to a discussion of the question mainly debated before us, as to the order of the liability of the two sets of sureties, it is obvious that this decree is erroneous in this, that the original bill is not filed against Fisher & Jetton. They have never been made parties to it in any way; there was no issue in the pleadings as between the complainants in that bill and the appellants; no decree sought against them in any way; and therefore they were not liable to any decree on the original bill, nor could the complainant in this way be rightfully compelled by the defendant in the original bill to take such a decree, or be delayed in the prosecution of their rights by the interposition of these third parties into the litigation at the suit of said defendants. This must be so, unless we hold that a decree may be had against a party who is not defendant, and not charged by any facts stated in the bill; in a word, without any pleadings affecting said parties in any way.

But the question is presented on the facts of what is called the cross-bill, and proof as to the liabilities arising as between the parties to it, to-wit, P. C. Tally and Fisher & Jetton, the sureties on the bond

J. S. Odom *et al. v.* R. L. Owen, Adm'r, *et al.*

taken in the Chancery Court. It is argued, however, that this is not a cross-bill, as authorized by the Code, Section 4323, providing that "the defendant may, by proper allegations, file his answer as a cross-bill, and require . a discovery from the complainant, in which case demurrers or pleas may be filed, or other proceedings had upon the answers as upon a cross-bill. This seems to be correct, the Statute contemplating that as the matter of the cross-bill should be in the answer to the original bill, its allegations as a cross-bill should be against the parties to the original bill, to which it is an answer.

We need but remark, however, that such a cross-bill need not necessarily be a bill for discovery, specifically, under this section of the Code, but may well be based on any proper matters of equity growing out of the original bill, or connected with it, on which the respondent might be entitled to affirmative relief on a cross-bill, if filed separately.

But we think, under the rules of practice known to our State, and carrying out their spirit, the defendants having failed to demur, or otherwise object to the matter alleged for cross-relief, and having answered and gone to a hearing on the same, we can well treat this as an original bill, in the nature somewhat of a cross-bill, perhaps, and settle the rights of the parties as presented by the issues formed between them on these pleadings.

The facts on which the rights of the parties on this branch of the case depends, that is, as between

the sureties on the original guardian bond, and the bond taken in the Chancery Court, are substantially as follows:

James S. Odom being the guardian, and Tally one of his sureties, when the sale was confirmed, the Court made the following order:

"That it appeared to the Court that the children' were minors, and the bond given in the County Court sufficient, it was ordered that the Clerk and Master pay over the fund to the guardian; but the decree adds: It is further decreed by the Court for more and greater certainty that said guardian, James S. Odom, give an additional bond, with sufficient security, to the Clerk and Master, payable to the State of Tennessee, for double the amount received for the negro, for the use of said minors, and that the Clerk and Master then pay over to said guardian as above directed."

It is now insisted for Tally that the sureties on the last bond are primarily liable for said fund, and he not liable until they are exhausted. As we have said, Tally has not, by his cross-bill, impleaded the complainants in the original bill, so as to have a decree to enforce this equity in his favor against them, (if it be held to exist), and can not ask a decree so far as they are concerned, that they be compelled to take their decree against the second set of sureties, whom they have not sued, in preference to him. They clearly had the right to sue him and recover on his bond, and then the question might

well arise as to the contribution between the sureties on the first and second bonds.

As to the question made in the cross-bill, that the second sureties are primarily liable, and Tally only secondarily so, we hold that this transaction is the same in principle and in fact as the leading case of *Dering* v. *East*, of Winchelsea, where Thos. Dering was appointed collector of duties, and gave a bond, in the sum of £4,000, for the performance of his duties as such collector. Afterwards two other bonds for the same purpose were given, with different sureties. A bill was filed by the surety on the first bond, after judgment against him by the Crown, for contribution on the part of the sureties on the second and third bonds, and the Court decreed that they were liable to such contribution, directing that they should each pay their proportionate share, and the Attorney General should, on such payment being made, enter satisfaction of the judgment had at law, from which we infer that the Crown was by her officer, the Attorney General, party to the bill.

The case before us does not fall within the principle of *Craythorne* v. *Swinburne*, 14 Ves., cited in Fell on Guaranty, 307, where the second bond was conditional, to be void if the parties to the first bond, principal and surety, paid the money; in other words, the last was simply surety for the first. In such case the sureties on the first bond could not have contribution.

In this case the two bonds are simply given for

the performance of the same duty by the guardian, both cover the same fund, and are to the same party. Neither set of sureties can claim that one is liable before the other. On the face of the undertaking, in view of the facts, they are liable to contribute equally for the money received by Odom for the negro, nothing else being in the way.

We can, however, make no final decree in the case in favor of the complainants in the original bill, against the second class of securities, Fisher & Jetton, because as we have said, they are not parties to complainants' bill. We only decide the nature of the liabilities incurred by the parties to the cross-bill, the question made by them in their pleadings, and that the sureties on the second bond are not primarily liable in exoneration of Tally, as held by the Chancellor. As to any equities that may exist as between Tally and the sureties on the last bond, which may be interposed to defeat his right of contribution, when he shall have discharged his liability to complainant, or a judgment be rendered against him for the amount, we leave the parties free to litigate these matters, by dismissing the "so-called" cross-bill, without prejudice.

As complainants in the original bill are before us by appeal, we direct a decree against Tally, as surety of Odom, on the guardian bond of Odom, for the money arising from sale of the negro, and that he pay the costs of this Court. The case can, if desired, be remanded to the Chancery Court for an ac-

count of the amount for which he is liable, and such other proceedings as may be necessary in the cause.